**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| SODEXO OPERATIONS, LLC     ) | Case No. |
| ) | |
| Plaintiff,     ) | |
| ) | **COMPLAINT** |
| v.     ) | |
| ) | JURY TRIAL DEMANDED |
| VIRGINIA AQUARIUM & MARINE     ) | |
| SCIENCE CENTER FOUNDATION, INC.,     ) | |
| ) | |
| Defendant.     ) | |
| ) | |

Plaintiff Sodexo Operations, LLC ("Sodexo"), pursuant to Fed. R. Civ. P. 3 and 8(a), for its Complaint against Defendant Virginia Aquarium & Marine Science Center Foundation (the "Foundation"), states and alleges as follows:

**<u>INTRODUCTION</u>**

This action arises out of a Food Service Agreement, dated July 1, 2017 and subsequently amended (the "Agreement," attached hereto as Exhibit A), between Sodexo and the Foundation, whereby Sodexo managed and operated the Foundation's food service operation on campus at the Virginia Aquarium. When the COVID-19 pandemic struck, the City of Virginia Beach announced on March 15, 2020, that it was closing all recreation centers, libraries, and the Virginia Aquarium. Shortly thereafter, Virginia Governor Ralph Northam issued a series of executive orders, closing non-essential businesses and advising Virginians to stay home as much as possible. As a result, the Virginia Aquarium has been closed to the public since March 16, 2020, rendering it impossible for Sodexo to provide any services to the Foundation, through no fault of its own. Fortunately, the Parties were prescient enough to specifically include a Force Majeure clause in the Agreement, which contemplated a situation where an "act of God"—like a

pandemic—or "governmental policy," like the City of Virginia Beach's directive and Governor Northam's orders, prevented performance. The Parties even went a step further, and chose to include a Suspension of Services clause, permitting either party to terminate the Agreement if such a "force majeure" arose and caused services to suspend for more than 30 days. After a 46 day suspension of services, on May 1, 2020, Sodexo notified the Foundation that it was exercising its right to terminate the Agreement, triggering the Foundation's contractual obligation to reimburse Sodexo for the unamortized portion of capital investments Sodexo had made to the Foundation (May 1, 2020 Termination Letter attached hereto as Exhibit B). Despite Sodexo's full performance under the Agreement, the Foundation refuses to pay amounts owed to Sodexo, in direct breach of its terms. The Foundation's bad faith refusal to pay and willful violation of the Agreement have caused hundreds of thousands of dollars in damages to Sodexo.

## PARTIES

1.    Sodexo is a Delaware limited liability company with its principal place of business at 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878. The sole member of Sodexo Operations, LLC is Sodexo, Inc., a Delaware corporation with its principal place of business at 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878.

2.    Upon information and belief, the Foundation is a Virginia non-profit corporation, with its principal place of business at 717 General Booth Boulevard, Virginia Beach, Virginia 23451.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action under 28 USC § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4.    This Court has personal jurisdiction over the Foundation because the Foundation is a
citizen of Virginia.

5.    Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because the Foundation is
subject to personal jurisdiction in this State. In addition, courts in Virginia have a
substantial interest in providing a forum for the enforcement of contracts entered into in
Virginia.

6.    Venue is proper in the Norfolk Division, as the conduct giving rise to this dispute
occurred in Virginia Beach, Virginia.

## FACTS

### The Agreement

7.    On July 1, 2017, Sodexo and the Foundation entered into the Agreement for the provision
of food services by Sodexo to the Foundation, on campus at the Virginia Aquarium.

8.    The term of the original Agreement was ten (10) years commencing on July 1, 2017 and
continuing through June 30, 2027. On May 21, 2019, the Parties executed an Amendment
to the Agreement.

9.    Section IV of the Agreement, Capital Investments, provides that Sodexo will make a
Capital Investment of no more than five hundred seventy-five thousand dollars
($575,000) to the Foundation, to be paid in Years 1, 3, and 6 of the Agreement.

10.   Section IV(e) provides:

> Amortization of Capital Investments shall be by straight-line method over
> the term of this Agreement. In the event of early termination of this
> Agreement, except for termination for convenience by Sodexo, the
> Foundation shall reimburse Sodexo for the unamortized portion of the
> Capital Investments remaining at the time of such termination.

11.   Section XXVI, Force Majeure, provides:

> Neither party shall be obligated to perform any non-monetary act required
> hereunder and neither party shall be deemed to be in default if its
> performance is prevented by fire, earthquake, flood, *act of God*, riot, civil

commotion, or other occurrence of condition of a like nature, or by any law or act of any public or military authority resulting in the existence of economic controls, riot, hostilities, war, terrorism, or *governmental policy*.

(emphasis added).

12.     Section XXXI, Suspension of Services, refers specifically to suspensions caused by force majeure. Section XXXI(a) provides:

> *In addition to any suspension of services causes as provided in Section XXV or XXVI*, Services may be suspended for a limited period of time as set forth below, without liability of either party to the other, when either party determines that it is impractical to carry on such Services by reason of a labor dispute involving Sodexo, or for other reasons that the parties agree are beyond the control of either party. If any suspension of Services because of a labor dispute continues for more than forty-eight (48) hours, the Foundation shall have the right, without incurring any liability to Sodexo (except as otherwise provided under this Agreement), to take whatever action it may in its sole discretion deem necessary or appropriate in order to resume serving food and beverages, and the Foundation may take such action as it deems necessary or appropriate to operate the Foodservice Areas used by Sodexo and to make them available to patrons and staff of the Aquarium.

(emphasis added).

13.     Section XXXI(b) provides that, in the event that any suspension contemplated by Section XXXI(a) continues for longer than thirty (30) days, "either party may then, upon written notice to the other, terminate this Agreement. Upon such termination, the provisions of subsections (c) through (i) of Section XVII (Termination and Remedies) shall apply."

14.     Section XXVII(d), Repayment of Capital Investment, provides:

> Except in the event of termination by Sodexo for convenience, the Foundation shall be responsible for the repayment to Sodexo of that portion of the Capital Investment made by Sodexo pursuant to Section IV as remains unamortized as of the date of termination. Any funds remaining in the Advertisement and Promotion Funds shall be retained by the Foundation.

**The Virginia Aquarium is Closed by Governmental Policy**

15.     On March 16, 2020, the City of Virginia Beach closed all recreation centers, libraries, and the Virginia Aquarium, to reduce the spread of COVID-19.

16.   On March 24, 2020, Governor Ralph Northam issued Executive Order 53, *Temporary Restrictions on Restaurants, Recreational Entertainment, Gathering, Non-essential Retails Businesses, and Closure of K-12 Schools Due to Novel Coronavirus (COVID-19)*. The order mandated the closure of all non-essential businesses, including aquariums, as of 11:59pm on March 24, 2020, until April 23, 2020.

17.   On March 30, 2020, Governor Northam issued Executive Order 55, *Temporary Stay at Home Order Due to Novel Coronavirus (COVID-19).* The order directed all Virginians to stay home except in extremely limited circumstances.

18.   Per the City of Virginia Beach's directive and the Governor's subsequent executive orders, the Foundation closed the Virginia Aquarium, and Sodexo stopped providing services, on March 16, 2020.

### Sodexo Properly Terminates the Agreement

19.   As of May 1, 2020, Sodexo's services at the Aquarium had been suspended for 46 days.

20.   On May 1, 2020, Sodexo, via letter and in accordance with the Agreement's notice requirements, notified the Foundation that, pursuant to Sections XXXI and XXVI of the Agreement, together concerning suspension of services due to force majeure, Sodexo was exercising its contractual right to terminate the Agreement. In the same letter, Sodexo offered to assist the Foundation with finding and transitioning to a new service provider.

### The Foundation Refuses to Pay Amounts Owed

21.   Per Sections IV(e) and XXVII(d) of the Agreement, all unamortized amounts of Sodexo's capital investment "shall be" reimbursed by the Foundation to Sodexo upon termination of the Agreement.

22.    Over the course of the Agreement, Sodexo made capital investments to the Foundation, which were used, per the Agreement, to procure certain equipment and make improvements to the Foundation's food service operations.

23.    At the time of termination, the total amount of Sodexo's investment that remained unamortized was $363,645.42.

24.    Since that date, Sodexo has removed all removable assets from the Foundation. The remaining unamortized amount due to Sodexo is $292,250.15.

25.    Despite numerous written and oral communications, the Foundation has refused to reimburse Sodexo for the unamortized investment, in material breach of the Agreement.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

26.    Sodexo incorporates by reference the allegations in the previous paragraphs.

27.    The Agreement is a binding contract supported by consideration.

28.    Sodexo has performed under the Agreement.

29.    Per Sections IV(e) and XXVII(d) of the Agreement, the Foundation agreed to reimburse Sodexo for any unamortized portion of the Capital Investment remaining at the time of termination.

30.    Sodexo properly terminated the Agreement on May 1, 2020.

31.    The Foundation has refused to reimburse Sodexo for the unamortized portion of the Capital Investment, in material breach of the Agreement.

32.    As a direct and proximate result of the Foundation's material breaches, Sodexo has suffered and will continue to suffer harm and monetary damages.

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

33.    Sodexo incorporates by reference the allegations in the previous paragraphs.

34.    The Agreement is a binding contract supported by consideration.

35.    Sodexo has performed under the Agreement, and justifiably expected that the Foundation would comply with its terms, including Sections IV(e) and XXVII(d).

36.    The Foundation's bad faith conduct in refusing to pay amounts owed under the Agreement has deprived Sodexo of the benefits of the Agreement, in violation of the implied covenant of good faith and fair dealing.

37.    As a direct and proximate result of the Foundation's material breaches, Sodexo has suffered and will continue to suffer harm and monetary damages.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

38.    Sodexo incorporates by reference the allegations in the previous paragraphs.

39.    Sodexo conferred a benefit upon the Foundation by making a capital investment to the Foundation, with the expectation that the Foundation would repay that investment.

40.    The Foundation knew that Sodexo conferred this benefit upon the Foundation, and accepted the capital investment, knowing that Sodexo expected repayment of the investment.

41.    The Foundation has received and retained the benefit of all services rendered by Sodexo, as well as the investment made by Sodexo.

42.    The Foundation's failure to reimburse Sodexo for the unamortized portion of its investment has resulted in an inequity to Sodexo, and the unjust enrichment of the Foundation.

## PRAYER FOR RELIEF

WHEREFORE, Sodexo respectfully requests that this Court:

A.    Enter Judgment in favor of Sodexo on all claims set forth above.

B.      Award Sodexo damages including, but not limited to, expectation damages and consequential damages in an amount to be determined against the Foundation, with pre- and post-judgment interest.

C.      Award Sodexo its reasonable attorneys' fees and costs.

D.      Award Sodexo such further damages and equitable relief as are just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Sodexo requests trial by jury in this action of all issues so triable.

Dated this 19th day of June, 2020.

SODEXO OPERATIONS, LLC,
Plaintiff

By *s/ Wendy C. McGraw*
        Wendy C. McGraw (VA Bar No. 37880)
        Hunton Andrews Kurth  LLP
        500 East Main Street, Suite 1301
        Norfolk, VA 23510
        (757) 640-5300
        (757) 625-7720 (facsimile)
        wmcgraw@huntonak.com

        and

        Timothy J. Fazio (*pro hac vice* forthcoming)
        Katharine A. Dennis (*pro hac vice* forthcoming)
        Hunton Andrews Kurth LLP
        60 State Street
        Suite 2400
        Boston, Massachusetts 02109
        (617) 648-2800
        tfazio@huntonak.com
        kdennis@hutonak.com